42 P.(2d) 774

MARTINEZ v. MONTANER.

No. 3996.

Supreme Court of New Mexico.

Feb. 11, 1935.

Rehearing Denied April 9, 1935.

Floyd W. Beutler and Fred J. Federici, both of Taos, for appellant.

F. T. Cheetham, of Taos, and Fred C. Stringfellow, of Raton, for appellee.

WATSON, Justice.

Plaintiff sued for moneys alleged to have been collected by defendant to the former's use. Defendant denied and counterclaimed among other matters for moneys collected by plaintiff to defendant's use. The court, finding generally for the plaintiff in the sum of $147.66, and for the defendant in the sum of $464.11, rendered judgment for the defendant for $316.45, the excess. Plaintiff appeals.

It seems that defendant was in the printing and publishing business. Desiring to travel, he placed plaintiff in charge of the business on the understanding that the latter should have the net profits. Defendant, returning, resumed charge of the business, and soon thereafter executed to plaintiff an assignment of numerous bills receivable, and a little later gave plaintiff a check for $103.38. This assignment was set up with the complaint. And it was the collection of some of the assigned accounts by the defendant that was the basis of plaintiff's cause of action.

The counterclaim set up that the check mentioned was given on an account rendered by plaintiff for moneys collected by defendant for plaintiff's use, and that by mistake the check overpaid the account some $50. It then set up numerous collections of accounts made by plaintiff while he was in charge of the business payable to defendant according to the agreement. It set up also a sum paid for taxes on the property.

In answering the counterclaims, plaintiff took the position that the parties had stated an account; that it was fully settled by the assignment and the check; that there remained nothing open between them as to their past transactions; and that nothing could be inquired into except what sums defendant had thereafter collected on accounts assigned to plaintiff. The trial judge refused to find or conclude in accordance with that

view, and it is of this that plaintiff here complains.

Whether an account was stated between the parties involves questions of fact which seem to have been in dispute at the trial. We do not understand appellant seriously to contend otherwise. He does contend seriously that the evidence preponderated strongly in his favor. That is a question, however, not open to him here. There being substantial evidence that no account was stated between the parties, the trial court cannot have erred in refusing to find or conclude that one was stated.

The judgment must be affirmed, and the cause will be remanded.

It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.